STATE EX REL. GEORGE S. SULLIVAN AND OTHERS v.
BOARD OF EDUCATION OF INDEPENDENT SCHOOL
DISTRICT NO. 16, WRIGHT COUNTY, AND OTHERS.[1]

December 28, 1917.

No. 20,639.

**School district — issue of bonds — resolution of board — statute construed.**

The issuance of bonds to construct a school-house was voted at a meeting of a school district by a majority of the legal voters. No previous action had been taken by the officers of the district. In mandamus against the school board to compel such issuance it is *held*, construing G. S. 1913, §§ 1855, 1968, that the issuance of bonds must be initiated by the board and that a resolution declaring the expediency such as is contemplated by section 1855 must be passed before a vote of the district; and that without such prior resolution a vote at a school meeting to issue bonds is ineffective and does not under section 1855 nor under section 1968 authorize the board to issue bonds.

Upon the relation of George S. Sullivan and others the district court for Wright county granted its alternative writ of mandamus commanding the board of education of Independent School District No. 16 to issue and negotiate a sale of bonds pursuant to the special election held by the electors of that district under section 2711, G. S. 1913. Respondents answered and relators demurred to part of the answer. From an order, Fish, J., of the Fourth judicial district, granting defendants' motion to quash the writ, relators appealed. Affirmed.

*H. S. Whipple,* for appellants.

*W. H. Stewart* and *J. E. Madigan,* for respondents.

DIBELL, C.

Mandamus to compel the respondents to issue bonds. There was an order quashing the alternative writ and the relators appeal.

[1] Reported in 165 N. W. 880.

The respondents are members of the board of education of an independent school district in Wright county. The relators are freeholders and voters of the district. At a school meeting called by 5 freeholders pursuant to G. S. 1913, § 2711, bonds were voted for the building of a school-house. These are the bonds which the board refuses to issue and the issuance of which it is sought to compel.

The authority of the board to issue bonds rests upon two statutes. By G. S. 1913, § 1855, it is provided:

"When the governing body of any municipality shall have resolved that it is expedient to borrow money, for one or more of the purposes hereinafter named, and to an amount which will not increase its net indebtedness beyond the limit fixed by law, and a proposal so to do, if required by law, shall have been duly submitted to and approved by the voters thereof, the bonds of such corporation may be issued and sold, conformably to the provisions of this chapter, to the amount so authorized."

By statutory definition "municipality" as used in this section embraces school districts. G. S. 1913, § 1847.

By G. S. 1913, § 1968, it is provided: "The trustees or board of education of any school district in this state * * * are hereby authorized and fully empowered to issue the orders or bonds of their respective districts, with coupons, in such amounts and at such periods as they may be directed by a vote of a majority in favor thereof of the legal voters present and voting at any annual meeting, or at any special meeting, called for the purpose, of the district. * * *"

The board did not resolve that it was expedient to borrow money as it is contemplated by section 1855 that it may. It is the contention of the relators that when the bonds were voted it was the duty of the school authorities to issue them though there was no prior resolution of expediency. It is the contention of the respondents that the statute contemplates prior affirmative action by resolution.

Section 1855 is R. L. 1905, § 784. Prior to the revision the substance of it was a part of the statute law but referred to villages. See G. S. 1894, § 1233, and prior statutes there cited. By the revision of 1905 it was carried into the chapter on public indebtedness and made applica-

ble to school districts. Prior to the revision the statute law now embodied in section 1855 did not apply to school districts.

Section 1968 is Laws 1905, p. 407, c. 272, and is in terms an amendment of G. S. 1894, § 3688, which is traced through G. S. 1878, c. 36, § 26, and had its origin in Laws 1877, p. 124, c. 74, subc. 2, § 8. It always referred to schools. G. S. 1894, § 3688, and the prior statutes which it embodies, were repealed by the revision of 1905 which became effective March 1, 1906. G. S. 1913, §§ 9440, 9443, 9446, 9447. Laws 1905, p. 407, c. 272, was approved April 18, 1905, and by force of G. S. 1913, § 9398, is, if it differs from the revision, to be construed as amendatory and supplementary.

We are required to construe sections 1855 and 1968 so far as they bear upon the facts presented. A discussion or citation of cases will not be useful. None are directly in point or very helpful. The question of the proper construction is not free of difficulty. The purpose is to declare the legislative intent. A majority are of the opinion that the bonding must be initiated by the board; that a resolution such as is provided by section 1855 must be passed; that without such resolution the board is not authorized to issue bonds though there has been an election on the question, called pursuant to G. S. 1913, § 2911, and an affirmative vote in favor thereof; that neither section 1855 nor 1968 contemplates a vote upon the issuance of bonds without such resolution; that without a prior resolution a vote at a school meeting is ineffective; that section 1968 is in the nature of an authorization to the board to issue bonds after a resolution of expediency followed by an affirmative vote of the legal voters at a school meeting; and that it is not contemplated that the voters at a school meeting may take the initiative and require the board to issue bonds concerning which it has not passed the resolution for which provision is made in section 1855.

The board did not pass the resolution. The vote at the school meeting was without effect. The board was not authorized to issue the proposed bonds and the writ was rightly quashed.

Order affirmed.